# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TROY D. WHITMORE, Inmate #N-71463, )<br>*a/k/a* DON GREGERSON, )<br> )<br>   Plaintiff, )<br> ) CIVIL NO. 04-837-JPG<br>vs. )<br> )<br>DONALD SNYDER, et al., )<br> )<br>   Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Several motions are pending in this case.

### MOTION FOR LEAVE TO FILE (DOC. 10)

In this motion, Plaintiff seeks leave to proceed in forma pauperis under the "imminent danger" exception to 28 U.S.C. § 1915(g). The Court previously granted Plaintiff's motion for leave to proceed *in forma pauperis* (*see* Docs. 2, 5); therefore, the Court need not make a finding regarding imminent danger. Accordingly, this motion is **MOOT**.

### MOTION FOR LAW LIBRARY ACCESS (DOC. 11)

In this motion, Plaintiff seeks "reasonable access to the law library resources and materials twice a week until this litigation is resolved." At this time, however, Plaintiff has no pending deadlines in this action, and therefore he has no need for law library access regarding this litigation. Accordingly, this motion is **DENIED**.

### MOTION FOR TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION (DOC. 12)

In this motion, Plaintiff seeks a court order directing Defendants to discontinue the practice of "stripped celling" at Menard; he also seeks a transfer to another facility where he will not have

contact with any of the individuals named as defendants in this action.

A temporary restraining order (TRO) is an order issued without notice to the party to be enjoined that may last no more than ten days. A TRO may issue without notice

> only if (1) it clearly appears from the specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

FED.R.CIV.P. 65(b). Without expressing any opinion on the merits of any other of Plaintiff's claims for relief, the Court is of the opinion that a TRO should not issue in this matter. Plaintiff's allegations do not set forth specific facts demonstrating the likelihood of immediate and irreparable harm *before Defendants can be heard*. Therefore, the request for issuance of a temporary restraining order is **DENIED**.

As for his alternative request for a preliminary injunction, a district court is obligated to weigh the relative strengths and weaknesses of a plaintiff's claims in light of a five-part test that has long been part of the Seventh Circuit's jurisprudence. Specifically, a plaintiff must establish: (1) that there is a reasonable or substantial likelihood that he would succeed on the merits; (2) that there is no adequate remedy at law; (3) that absent an injunction, he will suffer irreparable harm; (4) that the irreparable harm suffered by plaintiff in the absence of the injunctive relief will outweigh the irreparable harm that defendants will endure were the injunction granted; and (5) that the public interest would be served by an injunction. *Teamsters Local Unions Nos. 75 and 200 v. Barry Trucking*, 176 F.3d 1004, 1011 (7th Cir. 1999).

Again, without expressing any opinion on the merits of any other of Plaintiff's claims for relief, the Court is of the opinion that a preliminary injunction should not issue in this matter at this

time. Accordingly, this request is also **DENIED**.

**MOTION TO COPY (DOC. 14)**

In this motion, Plaintiff asks for a status report on this action, and he seeks file-stamped copies of all documents filed in this action. This case is currently pending a review of the complaint pursuant to 28 U.S.C. § 1915A. Once the Court has completed that review, Plaintiff and other relevant parties will be notified.

As for copies, the Clerk charges $0.50 (fifty cents) per page to make copies, and this case file is over one inch thick. Therefore, the Clerk is **DIRECTED** to provide Plaintiff with a copy of the docket sheet for this action. If Plaintiff wishes to have copies of a particular document, he may notify the Clerk of which documents he wishes to have, and the Clerk will advise him as to the cost of copying that document. No copies will be provided without full payment in advance for the requested copies. Accordingly, the instant motion is **DENIED** at this time.

**IT IS SO ORDERED.**

Dated: March 7, 2006.

                                         s/ J. Phil Gilbert
                                         **U. S. District Judge**