IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

TROY D. WHITMORE, Inmate #N-71463, )
a/k/a DON GREGERSON,              )
                                  )
         Plaintiff,               )
                                  )   CIVIL NO. 04-837-JPG
vs.                               )
                                  )
DONALD SNYDER, *et al.*,          )
                                  )
         Defendants.              )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* amended complaint (Doc. 16) into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**COUNT 1:** Against Defendants Mezo and Ferrell for denying him access to the yard, in violation of his rights under the Fourteenth Amendment (¶¶ 39-45).

**COUNT 2:** Against Defendant Mezo for use of excessive force, in violation of his rights under the Eighth Amendment (¶¶ 46-56, 58).

**COUNT 3:** Against Defendants Torville, Westerman, Moore and unspecified officers for use of excessive force, in violation of his rights under the eighth Amendment (¶¶ 59-85).

**COUNT 4:** Against Defendants Moore, Ferrell, Welborn, Fritz and Casten for denial of medical attention, in violation of his rights under the Eighth Amendment

(¶¶ 86-101).

**COUNT 5:** Against Defendants Casten and Fritz for use of excessive force, in violation of his rights under the Eighth Amendment (¶¶ 102-105).

**COUNT 6:** Against Defendants Moore and Walker for denial of medical attention, in violation of his rights under the Eighth Amendment (¶¶ 106-112).

**COUNT 7:** Against Defendants Henry, Greenly and Carter, for not providing him with edible food, in violation of his rights under the Eighth Amendment (¶¶ 113-118).

**COUNT 8:** Against Defendant Carter for use of excessive force, in violation of his rights under the eighth Amendment (¶¶ 119-121).

**COUNT 9:** Against Defendants Carter and Henry for filing false disciplinary tickets against him, in violation of his rights under the Fourteenth Amendment (¶ 123).

**COUNT 10:** Against Defendants Carter, Helmer, Miner and Essary for confining him to inhumane conditions, in violation of his rights under the eighth Amendment (¶¶ 124-136).

**COUNT 11:** Against Defendants Wilson and Vasquez for conducting an improper disciplinary hearing, in violation of his rights under the Fourteenth Amendment (¶¶ 137-141).

**COUNT 12:** Against Defendants Summers and Murray for unfairly depriving him of two months of yard access, in violation of his rights under the Fourteenth Amendment (¶¶ 142-152).

**COUNT 13:** Against Defendants Andersen, Robinson and Fritz for denying him a shower, in violation of his rights under the Eighth Amendment (¶¶ 153-160).

**COUNT 14:** Against Defendant Robinson for use of excessive force, in violation of his rights under the Eighth Amendment (¶¶ 161-174).

**COUNT 15:** Against Defendants Rees, Carter, Witthoft, Fritz, Greely, Hood, Henry and Presswood for excessive force (¶¶ 175-214).

**COUNT 16:** Against Defendants Rees, Presswood and Witthoft for placing him a stripped control cell in retaliation for filing a lawsuit (¶¶ 215-233).

**COUNT 17:** Against unspecified defendants for subjecting him to an unfair disciplinary hearing (¶¶ 234-236).

**COUNT 18:** Against Defendants McAdore, Ryan, Middendorf, Snyder, Walker, Summers, Murray, Uchtman and Goforth for procedural irregularities in handling his grievances (¶¶ 57, 238-278).

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are legally frivolous and thus subject to summary dismissal.

## COUNT 1

On November 22, 2002, Defendant Mezo took Plaintiff to the yard, offering him a coat that did not have a zipper. Plaintiff refused that coat and asked for another. Mezo would not provide him with another coat; instead, Mezo returned him to his cell for refusing to go to the yard. Plaintiff claims that his yard time was unfairly revoked by Mezo without proper due process, and Ferrell supported Mezo's decision.

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property"

without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). Plaintiff claims that he was denied yard access on just one day, but this allegation does not present a viable constitutional claim. *See, e.g., Thomas v. Ramos,* 130 F.3d 754, 762 n.8 (7th Cir. 1997) (and cases cited therein) (no protected liberty interest in demotion to C-grade status and loss of commissary privileges). Accordingly, he has failed to state a claim upon which relief may be granted, and Count 1 is dismissed from this action with prejudice.

### COUNT 2

While returning Plaintiff to his cell, Mezo yanked hard on the lead restraint, causing excruciating pain to his right wrist. Plaintiff asked for medical attention; a medical technician promptly arrived, gave him some pain medication, and scheduled him to see a doctor. A day or two later, the doctor suspected a fracture and scheduled Plaintiff for x-rays; those x-rays later confirmed that Plaintiff's wrist was fractured.

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under Section 1983. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action. . . . [the] prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort

'repugnant to the conscience of mankind.'" *Id.* at 9-10; *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Based on these standards, the Court is unable to dismiss this excessive force claim against Mezo.

## COUNT 3

During a shakedown on May 16, 2003, Plaintiff alleges that he was assaulted without provocation by unnamed officers of the tactical unit, under the supervision and/or direction of Defendants Torville, Westerman and Moore. Based on the standards set forth above in Count 2, the Court is unable to dismiss Count 3 at this point in the litigation.

## COUNT 4

Following that assault, Plaintiff asked Moore to take him to the medical unit, but Moore ignored that request. He made the same request of Defendants Ferrell, Welborn, Fritz and Casten; each in turn ignored or refused his requests for medical attention.

> A deliberate indifference claim requires both an objectively serious risk of harm and a subjectively culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). A deliberate indifference claim premised upon inadequate medical treatment requires, to satisfy the objective element, a medical condition "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno*, 414 F.3d at 653. The subjective component of a deliberate indifference claim requires that the prison official knew of "a substantial risk of harm to the inmate and disregarded the risk." *Id.*; *Farmer*, 511 U.S. at 834. Mere medical malpractice or a disagreement with a doctor's medical judgment is not deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Greeno*, 414 F.3d at 653; *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996). Still, a plaintiff's receipt of some medical care does not automatically defeat a claim of deliberate indifference if a fact finder could infer the treatment was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate"

> a medical condition. *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (citation omitted).

*Edwards v. Snyder*, 478 F.3d 827, 830-31 (7th Cir. 2007).

At this point in the litigation, the Court is unable to dismiss any portion of Count 4.

## COUNT 5

While Plaintiff had his arm pushed through the food slot in his cell door, he alleges that Casten maliciously kicked the slot cover several times against Plaintiff's shoulder. He further alleges that Fritz looked on and did not intervene. Based on the standards set forth above in Count 2, the Court is unable to dismiss Count 5 at this point in the litigation.

## COUNT 6

Following this incident, Plaintiff once again sought medical attention from Defendants Moore and Walker, but each denied his requests. Based on the standards set forth above in Count 4, the Court is unable to dismiss Count 6 at this point in the litigation.

## COUNT 7

Plaintiff next alleges that on October 27, 2004, Defendant Henry served him a dinner tray with a burnt hamburger. Plaintiff requested a replacement meal from Henry, Greenly and Carter, but he did not receive one.

To establish a violation of the Eighth Amendment, a prisoner must prove two elements: (1) the deprivation alleged is sufficiently serious such that it resulted in the "denial of the minimal civilized measure of life's necessities" and (2) prison officials knew of a substantial risk to the prisoner but failed to take reasonable steps to prevent the harm from occurring. *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999) (*quoting Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). In some circumstances, a prisoner's claim that he was denied food may satisfy the first element but,

as the Seventh Circuit has held, the denial of food is not a *per se* violation of the Eighth Amendment. Rather, a district court "must assess the amount and duration of the deprivation." *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999). *See generally Wilson v. Seiter*, 501 U.S. 294, 304 (1991) ( it would be an Eighth Amendment violation to deny a prisoner of an "identifiable human need such as food"); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001) (withholding food from an inmate can, in some circumstances, satisfy the first *Farmer* prong); *Talib v. Gilley*, 138 F.3d 211, 214 n. 3 (5th Cir. 1998) (noting that denial of one out of every nine meals is not a constitutional violation; *Cooper v. Sheriff of Lubbock County*, 929 F.2d 1078 (5th Cir. 1991) (failure to feed a prisoner for twelve days unconstitutional); *Cunningham v. Jones*, 567 F.2d 653, 669 (6th Cir. 1977), *app. after remand*, 667 F.2d 565 (1982) (feeding inmates only once a day for 15 days, would constitute cruel and unusual punishment only if it "deprive[s] the prisoners concerned . . . of sufficient food to maintain normal health."); *Robbins v. South*, 595 F.Supp. 785, 789 (D.Mont. 1984) (requiring inmate to eat his meals in less than 15 minutes does not amount to cruel and unusual punishment).

Plaintiff here missed one meal, but he was does not allege harm to his health; his claims therefore do not rise to the level of a constitutional violation. Therefore, he has failed to state a claim upon which relief may be granted, and Count 7 is dismissed from this action with prejudice.

**COUNT 8**

Following the discussion about the burnt meal, Plaintiff alleges that Carter sprayed him with mace for no reason, in violation of his rights under the Eighth Amendment. Based on the standards set forth above in Count 2, the Court is unable to dismiss Count 8 at this point in the litigation.

**COUNT 9**

Plaintiff next alleges that Carter and Henry filed false disciplinary tickets against him "to

conceal their misconduct." Plaintiff makes no allegations regarding the charges contained in these tickets, nor does he allege that he suffered the loss of any protected liberty interest as a result of these tickets. Therefore, he has failed to state a claim upon which relief may be granted, and Count 9 is dismissed from this action with prejudice.

### COUNT 10

As punishment for the burnt-burger incident, Plaintiff claims that Carter stripped him of all property except his underwear, then placed him in a cell with only a mattress. He further alleges that Carter turned off the water in that cell, where he remained without running water for six days despite the residue of mace remaining on his skin. He further alleges that Defendants Helmer, Miner and Essary refused to turn on the water in order to flush the toilet, and he was not allowed to take a shower.

In a case involving conditions of confinement in a prison, two elements are required to establish violations of the Eighth Amendment's cruel and unusual punishments clause. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element – establishing a defendant's culpable state of mind. *Id.*

Applying these standards to the allegations in the complaint, the Court is unable to dismiss Count 10 at this point in the litigation.

### COUNT 11

On November 3, 2004, Plaintiff appeared before Defendants Wilson and Vasquez at a hearing on the two disciplinary tickets written by Carter and Henry. Plaintiff does not elaborate on the charges, but he was found guilty and punished with one year in segregation, one year reduction

to C-grade, one year denial of commissary privilege, six months restriction on visitation, three months restriction on yard, and the revocation of six months of good conduct credit.

This claim is a challenge to disciplinary proceedings that resulted in the loss of good time credit as well as time in disciplinary segregation. The proper method for challenging the revocation of good time credit is habeas corpus, but only after Plaintiff has exhausted his remedies through the Illinois state courts. *See, e.g., Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994). The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner. *Taylor v. Franzen*, 93 Ill.App.3d 758, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill.App. 1981). *See also United States ex rel. Isaac v. Franzen*, 531 F. Supp. 1086, 1091-94 (N.D. Ill. 1982). The State of Illinois must first be afforded an opportunity, in a mandamus action pursuant to 735 ILCS 5/14-101 *et seq*. to consider the merits of Plaintiff's claim.

Consequently, Plaintiff has failed to state a claim upon which relief may be granted, and Count 11 is dismissed from this action with prejudice.

### COUNT 12

Over a few weeks in the fall of 2004, Plaintiff accumulated six months loss of yard access from different disciplinary actions. Although his six months should have ended in mid-April 2005, Plaintiff was not taken to the yard as he expected. He complained to Defendants Smith, Summers and Murray about an unfair deprivation of an additional two months of yard access, to no avail.

The Seventh Circuit has noted that a "[l]ack of exercise could rise to a constitutional violation where movement is denied and muscles are allowed to atrophy, and the health of the individual is threatened." *Harris v. Fleming,* 839 F.2d 1232, 1236 (7th Cir. 1988); *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985), *cert. denied*, 479 U.S. 817 (1986). "Unless extreme and prolonged, lack of exercise is not equivalent to a medically threatening situation." *Harris*, 839 F.2d

at 1236. Plaintiff appears not to have been deprived of all exercise, however, but only denied out-of-cell exercise. Although space may have been limited, Plaintiff could have improvised by jogging in place or by doing aerobics in his cell. *See e.g., Harris*, 839 F.2d at 1236. In the instant case, as in *Harris*, Plaintiff was not deprived of all exercise, just access to the yard. Plaintiff could have easily exercised in his cell.

Therefore, Plaintiff has failed to state a claim upon which relief may be granted, and Count 12 is dismissed from this action with prejudice.

### COUNT 13

On April 8, 2005, Plaintiff alleges that Defendant Andersen refused to take him to the shower as scheduled. When Defendants Robinson and Fritz arrived later that afternoon to serve dinner, Plaintiff complained about the lack of a shower, but neither one would intercede. Although showers are pleasant, one missed shower does not give rise to a constitutional claim. Plaintiff has failed to state a claim upon which relief may be granted, and Count 13 is dismissed from this action with prejudice.

### COUNT 14

When Fritz tried to close the food slot, Plaintiff pushed his hand through it in an effort to continue the debate over the shower. Robinson ordered him to remove his hand; when Plaintiff did not comply, Robinson yanked his arm through the slot and handcuffed Plaintiff's wrist to the outside handle of his cell door. Plaintiff remained in that position for over two hours.

Based on the standards set forth above in Count 2, the Court is unable to dismiss Count 14 at this point in the litigation.

### COUNT 15

Later that same day, Defendants Rees and Carter came to his cell, and Plaintiff complied

with Rees's order to cuff up.  Plaintiff was taken to a holding cell, where he was subjected to a strip search by Rees, Carter, Witthoft, Fritz, Greely, Hood, Henry and Presswood.  Following the strip search, Plaintiff alleges that he was violently assaulted by these Defendants without provocation.

Based on the standards set forth above in Count 2, the Court is unable to dismiss Count 15 at this point in the litigation.

## COUNT 16

Following the assault alleged in Count 15, Plaintiff claims that Rees, Presswood and Witthoft confined him to a flooded, stripped-out control cell.  He further claims that this placement was done in retaliation for a lawsuit Plaintiff had filed against Fritz.

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement.  *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988).  Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer."  *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).  Naming the suit and the act of retaliation is all that is necessary to state a claim of improper retaliation.  *Id.*

Based on the allegations in the complaint, the Court is unable to dismiss Count 16 at this point in the litigation.

## COUNT 17

On April 13, 2006, Plaintiff was taken before the Adjustment Committee for a hearing on a ticket he claims he had no notice of.  He explained this to Major Ramos (not named as a defendant), but Ramos proceeded with the hearing.  Plaintiff was found guilty of unspecified charges; he was punished with three months in segregation, three months reduction to C-grade, and

three months loss of commissary privilege.

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship...in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin*. In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that state. *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). If the inmate is housed at the most restrictive prison in the state, he or she must show that disciplinary segregation there is substantially more restrictive than administrative segregation at that prison. *Id.* In the view of the Seventh Circuit Court of Appeals, after *Sandin* "the right to litigate disciplinary confinements has become vanishingly small." *Id.* Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty." *Id.*

In the case currently before the Court, Plaintiff was sent to disciplinary segregation for three months. Nothing in the complaint or exhibits suggests that the conditions that he had to endure while in disciplinary segregation were substantially more restrictive than administrative segregation in the most secure prison in the State of Illinois. Therefore, Plaintiff's due process claim is without merit, and Count 17 is dismissed from this action with prejudice.

**COUNT 18**

In his final claim, Plaintiff alleges that Defendants McAdore, Ryan, Middendorf, Snyder, Walker, Summers, Murray, Uchtman and Goforth did not properly handle his grievances, and that his grievances were unfairly denied. However, "a state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982).

Therefore, Plaintiff has failed to state a claim upon which relief may be granted, and Count 18 is dismissed from this action with prejudice.

**OTHER DEFENDANTS**

In the caption and jurisdictional portions of the amended complaint, Plaintiff names Jonathan Walls as a defendant. However, there are no allegations made against him, and "[a] plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

Accordingly, Walls is dismissed from this action with prejudice.

**DISPOSITION**

**IT IS HEREBY ORDERED** that **COUNT 1, COUNT 7, COUNT 9, COUNT 11, COUNT 12, COUNT 13, COUNT 17** and **COUNT 18** are **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that Defendants **ANDERSEN, GOFORTH, McADORE, MIDDENDORF, MURRAY, RYAN, SNYDER, SUMMERS, UCHTMAN, VASQUEZ, ROGER WALKER, WALLS** and **WILSON** are **DISMISSED** from this action with prejudice.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver

of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **CARTER, CASTEN, ESSARY, FERRELL, FRITZ, GREENLY, HELMER, HENRY, HOOD, MEZO, MINER, MOORE, PRESSWOOD, REES, ROBINSON, TORVILLE, LT. WALKER, WELBORN, WESTERMAN** and **WITTHOFT**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **CARTER, CASTEN, ESSARY, FERRELL, FRITZ, GREENLY, HELMER, HENRY, HOOD, MEZO, MINER, MOORE, PRESSWOOD, REES, ROBINSON, TORVILLE, LT. WALKER, WELBORN, WESTERMAN** and **WITTHOFT** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for

waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**Dated: August 7, 2007.**

                                              **s/ J. Phil Gilbert**
                                              **U. S. District Judge**