IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**TROY D. WHITMORE,**   )
                        )
    Plaintiff,         )
                        )
v.                      ) Civil No. **04-837-JPG**
                        )
**LIEUTENANT WALKER, et al.,** )
                        )
    Defendants.       )

## ORDER

**PROUD, Magistrate Judge:**

Before the court is Plaintiff's Motion for Sanctions Against Defendants. **(Doc. 54)**.

Plaintiff seeks sanctions pursuant to **Fed.R.Civ.P. 11** because he perceives that defendants and/or their attorney have violated the rules in various ways. The court first notes that the motion must be denied because plaintiff did not follow the mandatory "safe harbor" procedure of **Rule 11(c)(1)(A)**.

In addition, plaintiff's motion is without merit. He first asserts that defendants made an unwarranted claim with respect to his alleged injury when they stated in their motion for summary judgment that an X-ray showed that he did not suffer an acute fracture. However, the X-ray report in question is attached to plaintiff's memorandum in support, and it says "There is no evidence of an acute fracture." The report says that there is an area which could represent "an old avulsed fracture." It is a matter of debate whether this possible old avulsed fracture was caused in the incident of November 22, 2002, as claimed by plaintiff.

Secondly, plaintiff is upset that defendants' counsel accessed his medical records. First, the court observes that this is a suit under federal law, and state-law privileges do not apply to

1

this case.  **Fed.R.Evid. 501;** ***McKevitt v. Pallasch***, **339 F.3d 530, 533 (7th Cir. 2003).**  Thus, plaintiff's citations to provisions of the Illinois Administrative Code have no application.  Secondly, plaintiff put his medical condition in issue by advancing the claim that his wrist was broken by defendant Mezzo.  **See,** ***Doe v. Oberweis Dairy***, **456 F.3d 704, 718 (7th Cir. 2006)**.

Lastly, plaintiff claims that defendants and counsel have conspired to obstruct his attempts to serve all defendants.  However, counsel and the defendants who have already been served have no duty whatsoever to assist plaintiff in serving the rest of the defendants.  The U.S. Marshal is responsible for service here, and efforts are on-going.   Two more executed summonses were filed earlier this month.  **See, Docs. 63 & 66.**

For the foregoing reasons, Plaintiff's Motion for Sanctions Against Defendants  **(Doc. 54)** is **DENIED**.

**IT IS SO ORDERED.**

**DATE:  March 11, 2008.**

<u>s/ Clifford J. Proud</u>
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**