IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TROY D. WHITMORE,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil No. **04-837-JPG** |
| **LIEUTENANT WALKER, et al.,** | ) ) ) |
| Defendants. | ) |

## REPORT and RECOMMENDATION

This Report and Recommendation is respectfully submitted to District Judge J. Phil Gilbert pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Plaintiff Troy D. Whitmore (a/k/a Don Gregerson) is an inmate in the custody of the Illinois Department of Corrections. He brings suit under 42 U.S.C. §1983 for violation of his Eighth Amendment rights while he was incarcerated at Menard Correctional Center.

On preliminary review, the court divided the complaint into eighteen counts, and dismissed eight of the counts. The counts left pending were numbered 2,3,4,5,6,8, 10, 14, 15 and 16. These counts arise out of events which occurred on four separate dates. Count 2 arises out of the events of November 22, 2002. Counts 3, 4, 5, and 6 arise out of the events of May 16, 2003. Counts 8 and 10 arise out of the events of October 27, 2004. Counts 14, 15, and 16 arise out of the events of April 8, 2005. **See, Doc. 17.**

Now before the court is Defendants' Motion for Summary Judgment. **(Doc. 45)**. Defendants filed a Memorandum in Support **(Doc. 46)**, which is accompanied by exhibits, including affidavits and portions of plaintiff's deposition.

Defendants served upon the *pro se* plaintiff the notice required by ***Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)**. **(Doc. 47)**. Plaintiff filed a response at **Doc. 56.**

Defendants assert that counts 2, 3, 4, 5, and 6 should be dismissed because plaintiff failed to exhaust his administrative remedies as to the events of November 22, 2002, and the events of May 16, 2003.

Plaintiff claims that, on November 22, 2002, defendant Mezzo took him to the yard, but offered him only a coat with a broken zipper. When plaintiff asked for a different coat, Mezzo took him back to his cell; in the course of doing so, Mezzo yanked on the lead restraint, fracturing plaintiff's wrist. Plaintiff claims that, on May 16, 2003, he was assaulted during a shakedown of his cell by members of a tactical team at the direction of defendants Torville, Westerman and Moore. Also on that date, Casten used excessive force on him, which Fritz witnessed but failed to stop. Thereafter, defendants Moore, Ferrell, Welborn, Fritz and Casten were deliberately indifferent to his requests for medical treatment for injuries suffered in the attack. In an effort to get medical attention, plaintiff stuck his arm through the chuckhole, and Casten intentionally banged the door on his shoulder; Fritz witnessed this use of excessive force, but did not intervene. Defendants Moore and Walker refused his request for medical attention.

## Standard for Summary Judgment

Summary judgment is appropriate under **Fed.R.Civ.P. 56** where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **Fed.R.Civ.P. 56(c);** see *Celotex Corp. v. Catrett*, **477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).** The evidence is construed in the light most favorable to the non-moving party and all justifiable inferences are drawn in favor of that party. **See,** *Anderson v. Liberty Lobby, Inc.*, **477 U.S. 242, 255, 106 S.Ct. 2505, 2513-14 (1986).** Once the moving party has produced evidence to show that he or she is entitled to summary judgment, the non-moving party must affirmatively demonstrate that a genuine issue of material

fact remains for trial. ***Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996).**

In responding to a summary judgment motion, the non-moving party may not simply reiterate the allegations contained in the pleadings; more substantial evidence must be presented at this stage. Moreover, a genuine issue of material fact is not shown by the mere existence of "some alleged factual dispute between the parties," ***Anderson*, 477 U.S. at 247**, or by "some metaphysical doubt as to the material facts," ***Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).** Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." ***Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512.**

Plaintiff is a *pro se* inmate, and his pleadings must be liberally construed. ***Duncan v.Duckworth*, 644 F.2d 653, 655 (7th Cir.1981).**

## Analysis

**1.**      **Exhaustion**

Plaintiff's claims are subject to the exhaustion requirement set forth in **42 U.S.C. § 1997e(a)** as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

***Perez v. Wisconsin Department of Corrections*, 182 F.3d 532 (7th Cir.1999)** explained that exhaustion of administrative remedies pursuant to 42 U.S.C. § 1997e(a), while not jurisdictional *per se*, is a "precondition" to suit, regardless of the apparent futility of pursuing an administrative remedy, regardless of whether money damages are sought as a tangential remedy, and regardless of notions of judicial economy. Exhaustion of administrative remedies is required

3

*before* a case may be brought, even if exhaustion is accomplished during pendency of the case. **See 42 U.S.C. § 1997e(a); and *Perez*, 182 F.3d at 535-536.** The Supreme Court has held that the "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." ***Porter v. Nussle*, 122 S.Ct. 983, 992 (2002)**.

Exhaustion must occur *before* suit is filed; plaintiff cannot file suit and then exhaust his administrative remedies while suit is pending. ***Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004).** Exhaustion requires that a prisoner "properly take each step within the administrative process." ***Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)**.

Under Section 1997(e)(a), exhaustion is "mandatory" and is required for "any suit challenging prison conditions." ***Woodford v. Ngo*, 126 S.Ct. 2378, 2382-2383 (2006).** The Supreme Court recently reiterated that, in this context, exhaustion means "proper exhaustion;" that is, the inmate must file a timely grievance utilizing the procedures put in place by the prison system. ***Woodford*, 126 S.Ct. at 2385, citing *Pozo, supra*.**

The IDOC grievance system is set forth in **20 Ill. Administrative Code §504.800 *et seq*.** In summary, these regulations provide that the inmate submits his grievance to a grievance officer, who is to make his report in writing to the Chief Administrative Office (*i.e.*, the warden). The warden responds in writing of his decision. If the warden denies the grievance, the inmate has 30 days in which to file an appeal to the Administrative Review Board (ARB). The system is described in more detail in the affidavit of Melody J. Ford, attached to defendants' memorandum, **Doc. 35.**

The state may legitimately enact regulations which require "factual particularity" in a grievance. ***Strong v. David*, 297 F.3d 646, 649-650 (7th Cir. 2002)**. Illinois has done so. 20 IL ADC 504.810(b), amended effective May 1, 2003, requires that a grievance "shall contain

factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint."

Where, as in Illinois, the administrative system provides for an administrative appeal of the warden's decision, exhaustion requires that the prisoner file the appeal and give the appeal board an opportunity to decide the appeal. *Pozo,* **286 F.3d at 1024.**

Defendants rely on the affidavit of Melody Ford, attached to **Doc. 26 as Exhibit A**. Ms. Ford, who is a Chairperson with the Office of Inmate Issues for the IDOC, first describes the administrative grievance procedures. She then states that she has undertaken a search of the Administrative Review Board (ARB) records, and that her search included all grievances submitted to the ARB by plaintiff. She states that the records do not contain a grievance about the November 22, 2002, incident involving Mezzo, or any grievance concerning the events of May 16, 2003. Ex. A, ¶¶ 7-9. In paragraph 10, she states that she "verified" her records with the records at Lawrence Correctional Center, and their records "yielded the same results in that Mr. Gregerson did not exhaust his administrative remedies concerning events from November 22, 2002, and May 16, 2003."

Defendants' argument completely ignores plaintiff's allegations with respect to his attempts to exhaust. He does not claim to have exhausted grievances about the events of November 22, 2002, and May 16, 2003. Rather, he specifically alleges that he submitted grievances which were ignored by his counselor.

In plaintiff's amended complaint, **Doc. 16**, he outlined in detail the steps he allegedly took to grieve the events of November 22, 2002, and May 16, 2003.

In paragraph 250, plaintiff claims that he filed a grievance on December 8, 2002, about the events of November 22, 2002. He did not receive a response. Beginning in October of

2003, he inquired several times of Counselor Middendorf about the status. She did not respond. **Doc. 16, ¶¶250-253.**

Beginning at paragraph 238, he states that he filed two emergency grievances on May 27, 2003, about the events of May 16, 2003. On June 23, 2003, Warden McAdory returned them, stating that they were not emergencies and directing plaintiff to resubmit the grievances to his counselor. Plaintiff alleges that he mailed his grievances through institutional mail to his counselor, Ryan, on that same date. In July, 2003, Ryan allegedly told plaintiff that he had mailed his responses back to plaintiff. Plaintiff never received them. Plaintiff then presented duplicate copies of the May 27, 2003, grievances to Ryan, but Ryan refused to sign them. On September 12, 2003, plaintiff wrote Debi Middendorf about the grievances, and she replied that she had never received them. Counselor Ryan later claimed he had never received the grievances in the first place, which is contrary to what he allegedly told plaintiff earlier. **Doc. 16, ¶¶ 248-251.**

After several more inquiries got him nowhere, plaintiff submitted copies of the grievances to the ARB in January, 2004. **Doc. 16, ¶254.** He also submitted copies of his letters requesting the status of his grievances. On April 30, 2004, he received a response from Director Roger Walker which stated that Menard Correctional Center indicated that he had not submitted the grievances at the institutional level. **Doc. 16, ¶256.**

In his response to the motion, plaintiff again explains in detail his attempts to exhaust and attaches copies of the referenced correspondence between himself and prison employees. **See, Doc. 56 and exhibits attached thereto.**

Failure to exhaust is an affirmative defense on which defendants have the burden of proof. *Westefer v. Snyder*, **422 F.3d 570, 577 (7th Cir. 2005)**. Defendants' motion should be denied because they have wholly failed to negate plaintiff's position, which is that his grievances

6

should be deemed exhausted because prison employees failed to process his properly submitted grievances.

This case is similar to *Dole v. Chandler*, 438 F.3d 804 (7th Cir. 2006). There, the inmate put his grievance in the chuckhole for a guard to pick up and mail to the ARB, which was the correct procedure. The envelope was picked up by a guard, but it never made it to the ARB. The Seventh Circuit held that, where the inmate followed the correct procedures to submit his grievance, but it was not processed due to mistakes on the part of prison employees, the affirmative defense of failure to exhaust fails. *Dole*, 438 F.3d at 811. See also, *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002). ["We join the Eighth and Fifth circuits on this issue because we refuse to interpret the PLRA 'so narrowly as to ... permit [prison officials] to exploit the exhaustion requirement through indefinite delay in responding to grievances.'"]

**2.     Qualified Immunity**

Defendants argue that they are entitled to qualified immunity because the amount of force used on plaintiff during the various incidents alleged was reasonable, defendants were acting in good faith, and they had no knowledge that they were violating plaintiff's rights. No affidavits or other evidence of any kind is submitted to support this argument.

There is an obvious dispute as to the facts here. Defendants have not offered any evidence to refute plaintiff's claims. Defendants' claim of qualified immunity is not supported by the record now before the court. See, *Alvarado v. Litscher*, 267 F.3d 648, 651-652 (7th Cir. 2001).

**Recommendation**

This Court recommends that Defendants' Motion for Summary Judgment **(Doc. 45)** be **DENIED.**

Objections to this Report and Recommendation must be filed on or before **March 28,**

**2008.**

**Submitted: March 11, 2008.**

    **s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**