IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**TROY D. WHITMORE,** )
)
    Plaintiff, )
)
v. ) Civil No. **04-837-JPG**
)
**LIEUTENANT WALKER, et al.,** )
)
    Defendants. )

## **ORDER**

**PROUD, Magistrate Judge:**

Before the court is plaintiff's Motion to Compel. **(Doc. 89)**. Defendants filed a response at **Doc. 95.**

Plaintiff served two sets of discovery requests on defendants. The first set was entitled "First Discovery Request," and consisted of 22 requests to produce documents. The second set was entitled "First (sic) Request for Production of Documents," and consisted of 13 requests to produce documents. Copies of both sets of requests and defendants' responses are attached to plaintiff's memorandum in support, **Doc. 90.**

Defendants produced a number of documents in response to some of plaintiff's requests, but objected to others. In his memorandum in support, plaintiff discusses only one category of information, i.e., documents concerning "mistreatment" by defendants of any prisoners.

Defendants objected that documents relating to complaints or incidents involving prisoners other than plaintiff are irrelevant. They are correct; evidence that a guard "mistreated" another inmate on another occasion does not tend to prove that the guard "mistreated" plaintiff on the occasions that he alleges. Further, the fact that an inmate made a complaint does not tend

1

to show that the guard in fact mistreated him, since the complaint may have been unfounded.

Plaintiff counters that such information might be admissible under **Fed.R.Evid 404(b)**. He argues that such evidence would be "highly relevant" to his claims of excessive force and cruel and unusual punishment. The court disagrees.

Rule 404(b) provides, in relevant part, "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . ." In order for such evidence to be relevant, and admissible, there must actually be an issue in the case as to one of the matters referred to in the Rule. As the Seventh Circuit put it, "First, proof of the other act must be directed towards establishing a matter in issue other than the defendant's propensity to commit like conduct." *Okai v. Verfuth*, **275 F.3d 606, 610 (7th Cir. 2001)**. Here, there is no such other issue. Plaintiff wants to discover other complaints of mistreatment so that he can use that information to bolster his claim that defendants "mistreated" him also. However, Rule 404(b) expressly forbids the use of evidence of other acts for this purpose.

Defendants also objected on the basis that it would be overly burdensome to gather the requested documents. This objection is also well-taken. The individual defendants are not the custodians of the records. They state that records of an inmate's grievances and complaints are kept in the individual inmate's files. It would be necessary to search the file of every inmate who was at Menard to locate these records. As the information sought is not relevant or admissible, such a search would be overly burdensome.

The court notes plaintiff's general complaint that defendants are not making a good faith

effort to address his complaint.  On the contrary, it appears that defendants have produced a number of documents for plaintiff's review.  Where they have raised objections, those objections are well-taken, which is tacitly conceded by plaintiff's failure to argue the vast majority of the objections in his memorandum.

The court also notes that plaintiff again asks that counsel be appointed to represent him.  The court has previously explained its reasons for declining to appoint counsel.  **See, Docs. 21 & 82.**  Plaintiff has undertaken discovery with some success.  The fact that some of his discovery requests were objectionable does not mandate the appointment of counsel.  The court also notes that plaintiff may undertake additional discovery, as the deadline for the completion of discovery has been extended to June 2, 2008.  **See, Doc. 93.**

Upon consideration and for good cause shown, plaintiff's Motion to Compel **(Doc. 89)** is **DENIED**.

**IT IS SO ORDERED.**

**DATE:  April 17, 2008.**

> s/ Clifford J. Proud
> **CLIFFORD J. PROUD**
> **U.S. MAGISTRATE JUDGE**