IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TROY D. WHITMORE,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. **04-837-JPG** |
| | ) |
| **LIEUTENANT WALKER, et al.,** | ) |
| | ) |
| Defendants. | ) |

## REPORT and RECOMMENDATION

This Report and Recommendation is respectfully submitted to District Judge J. Phil Gilbert pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Before the court is Defendant Mezo's Motion for Summary Judgment. **(Doc. 105)**. Defendant filed a Memorandum in Support **(Doc. 106)**, which is accompanied by exhibits, including affidavits and portions of plaintiff's deposition.

Defendant served upon the *pro se* plaintiff the notice required by ***Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)**. **(Doc. 109)**. Plaintiff filed a response at **Doc. 112.**

Plaintiff Troy D. Whitmore (a/k/a Don Gregerson) is an inmate in the custody of the Illinois Department of Corrections. He brings suit under 42 U.S.C. §1983 for violation of his Eighth Amendment rights while he was incarcerated at Menard Correctional Center.

On preliminary review, the court divided the complaint into eighteen counts, and dismissed eight of the counts. The counts left pending were numbered 2,3,4,5,6,8, 10, 14, 15 and 16. **See, Doc. 17.** Defendant Thomas Mezo is named in Count 2 only. At the relevant time, plaintiff was housed in the segregation unit at Menard Correctional Center. On November 22, 2002, defendant Mezo escorted plaintiff to the yard for recreation. As it was cold out, inmates were given a coat to wear in the yard. Plaintiff was handed a coat with a broken zipper, which

he refused. Mezo refused to give him a different coat, and deemed plaintiff's refusal of the offered coat to be a refusal of yard. Mezo then escorted plaintiff back to his cell. The excessive force allegedly occurred during the process of returning plaintiff to his cell. **See, Amended Complaint, Doc. 16, ¶¶ 39-58.**

Mezo moves for summary judgment because the force he used was necessary and served a penological interest in that plaintiff was argumentative and resisted him. He also argues that plaintiff received only a *de minimis* injury.

### Standard for Summary Judgment

Summary judgment is appropriate under **Fed.R.Civ.P. 56** where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **Fed.R.Civ.P. 56(c); see *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).** The evidence is construed in the light most favorable to the non-moving party and all justifiable inferences are drawn in favor of that party. **See, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513-14 (1986).** Once the moving party has produced evidence to show that he or she is entitled to summary judgment, the non-moving party must affirmatively demonstrate that a genuine issue of material fact remains for trial. ***Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996).**

In responding to a summary judgment motion, the non-moving party may not simply reiterate the allegations contained in the pleadings; more substantial evidence must be presented at this stage. Moreover, a genuine issue of material fact is not shown by the mere existence of "some alleged factual dispute between the parties," ***Anderson*, 477 U.S. at 247**, or by "some metaphysical doubt as to the material facts," ***Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,**

**475 U.S. 574, 586 (1986).** Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson*, **477 U.S. at 252, 106 S.Ct. at 2512.**

Plaintiff is a *pro se* inmate, and his pleadings must be liberally construed. *Duncan v.Duckworth*, **644 F.2d 653, 655 (7th Cir.1981).**

### Analysis

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under Section 1983. *Hudson v. McMillian*, **503 U.S. 1, 6-7 (1992);** *DeWalt v. Carter*, **224 F.3d 607, 619 (7th Cir. 2000)**. This does not mean, of course, that a prison guard is never permitted to use force on an inmate. "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, **503 U.S. at 6-7.**

Here, relying in large part on plaintiff's deposition testimony, defendant Mezo argues that plaintiff's resistance justified his use of force.

The court notes that plaintiff's response refers in several places to plaintiff's belief that Mezo did not have the authority to deny him yard and/or improperly denied him yard. On preliminary review, the court dismissed plaintiff's claim that the denial of yard was wrongful or violated his rights. **See, Doc. 17, pp. 3-4.** The only claim against Mezo is that he used excessive force.

Defendant Mezo contends that he used appropriate force. He argues as follows:

After Plaintiff was taken from the yard, he became argumentative and started resisting

3

> the officers. Plaintiff flinched at Defendant Mezo as he was trying to put Plaintiff back into his cell. This gesture indicates that Plaintiff was not cooperating with the officers. This is further evidence by Plaintiff attempting to run to the back of the cell in order to avoid having the restraints taken off. The force used to remove the restraints was necessary and served a penological interest.

**Doc. 106, p. 4**.

Defendant's argument depends on an analysis of the facts. The problem here is that the facts on which defendant relies are disputed. Defendant relies on his own affidavit for the claim that plaintiff began arguing and resisting (whatever that means.) Defendant's version of the facts is contradicted by plaintiff's deposition testimony, which is attached to the defendant's memorandum in support of the motion.

Defendant cites to plaintiff's deposition in support of his assertion that plaintiff "flinched" as Mezo was trying to put him back in his cell. Actually, plaintiff testified, "As I was waiting to be put in the cell, you know, the officer opens my door and that's when he starts to like really forcefully shove me towards the door, I kind of flinched, I'm like I can walk into the cell man, you don't have to do that ...." **Doc. 106, Ex. A, p. 16.** Thus, plaintiff testified that he flinched only *after* Mezo "really forcefully" shoved him. In addition, plaintiff denies that he attempted to run to the back of the cell. According to plaintiff, Mezo grabbed him by the collar and yanked on the lead restraint, causing plaintiff to stumble, and Mezo pushed him into the cell. Plaintiff claims that he suffered nerve damage in his hand, and that he was later diagnosed with a fracture in his wrist. **Doc. 112, p.9; Doc. 106, Ex. A, pp. 21-22.** This is not a *de minimis* injury.

Defendant's second point is that he is immune from suit by virtue of the Eleventh Amendment. That argument is based on the premise Mezo has been sued in his official capacity.

Mezo was sued in both his personal and official capacities. **See, Doc. 17, ¶19**.

Defendant is correct in that he cannot be sued for damages in his official capacity under

Section 1983. The Eleventh Amendment bars claims for damages against defendant in his official capacity. **See,** ***Gossmeyer v. McDonald***, **128 F.3d 481, 487 (7th Cir. 1997), and cases cited therein.** In his response, plaintiff suggests that he can seek injunctive relief against Mezo in his official capacity. However, events involving Mezo occurred at Menard, and plaintiff is now assigned to Lawrence Correctional Center. Injunctive relief is only available where there is an on-going constitutional violation, which plaintiff has not alleged. In any event, he cannot get injunctive relief for constitutional violations occurring at Menard unless he can show a likelihood of retransfer. ***Higgason v. Farley***, **83 F.3d 807, 811 (7th Cir. 1996)**. Therefore, the motion should be granted as to the claim against Mezo in his official capacity.

## Recommendation

This court recommends that Defendant Mezo's Motion for Summary Judgment **(Doc. 105)** be **GRANTED as to all claims against Mezo in his official capacity, and DENIED in all other respects**.

**Objections to this Report and Recommendation must be filed on or before January 29, 2009.**

**Submitted: January 9, 2009**

                                           **s/ Clifford J. Proud**
                                           **CLIFFORD J. PROUD**
                                           **UNITED STATES MAGISTRATE JUDGE**