UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TROY D. WHITMORE,

    Plaintiff,

v.

LIEUTENANT WALKER, *et al.*,

    Defendants.

Case No. 04-cv-837-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on the Motion for Default Judgment as to Lt. Moore (Doc. 92) filed by Plaintiff. Default was entered as to Lt. Moore on February 1, 2008. Therefore, the Court deems all factual allegations against Lt. Moore as admitted. The sole surviving count against Lt. Moore alleges that Lt. Moore was deliberately indifferent to the violation of Plaintiff's constitutional rights by Lt. Moore's subordinates. Specifically, Plaintiff alleges that Lt. Moore knew that unidentified officers used excessive force on Plaintiff during a shakedown of Plaintiff's cell, and allowed the conduct to go on.

"The doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be personally responsible for the deprivation of a constitutional right." *Sanvill v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (internal quotations omitted). "A defendant will be deemed to have sufficient personal responsibility if he directed the conduct causing the constitutional violation, or if it occurred with his knowledge or consent." *Id*. A supervisor may be liable for "deliberate, reckless indifference" to the misconduct of subordinates that results in the deprivation of a constitutional right. *Id*.

Because the allegations against Lt. Moore only state a claim under § 1983 if the conduct of Lt. Moore's subordinates amounted to a constitutional violation, judgment against Lt. Moore

is inappropriate at this time. Plaintiff must first establish that the conduct of Lt. Moore's subordinates violated his constitutional rights. Accordingly, the Court **RESERVES RULING** on the Motion for Default Judgment (Doc. 92) until after trial on this case is complete.

**IT IS SO ORDERED.**
**DATED: April 13, 2009**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**