UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TROY WHITMORE, *also known as* *Don Gregerson*, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 04-cv-837-JPG |
| DONALD SNYDER, *et al.*, ) ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Troy Whitmore's (hereinafter "Whitmore") Motion to Vacate Clerk's Entry of Default/Motion to Voluntarily Dismiss/Motion to Join (Doc. 156). The time for a response has yet to lapse, yet Defendants need not file one. Each of Whitmore's requests will be addressed in kind.

First, Whitmore asks that the Court vacate any default judgment as to Defendant Lieutenant Eva Moore (hereinafter "Lieutenant Moore"). Whitmore explains that it recently became known to him that Major R.D. Moore (hereinafter "Major Moore"), not Lieutenant Moore, should be named as the defendant in this litigation. However, while the Clerk of Court entered *default* against Lieutenant Moore on February 1, 2008, (Doc. 52), the Court never entered *default judgment* against her. In fact, the Court explicitly reserved ruling on Whitmore's Motion for Default Judgment (Doc. 92) as to Lieutenant Moore until the conclusion of trial of this matter. (Doc. 122). Accordingly, Whitmore's request of vacatur must be denied.

Next, Whitmore asks that Lieutenant Moore be voluntarily dismissed from this matter. Federal Rule of Civil Procedure 41(a)(1)(A)(I) permits dismissal of an action against an adverse party before *that* party serves either an answer or a motion for summary judgment. *See, e.g., Cooney v. William Robinson Dairy, Inc.*, 744 F. Supp. 841, 843 (N.D. Ill. 1990) (notice was effective despite the filing of a motion for summary judgment by another adverse party). Here, Lieutenant Moore has yet to defend

herself in this litigation, let alone file an answer or summary judgment motion.  Accordingly, the Court construes the instant motion as a notice of voluntary dismissal and acknowledges that this case is at an end as it relates to Lieutenant Moore.

Finally, Whitmore asks that Major Moore be joined as a party defendant to this litigation.  Defense counsel has no objection to Whitmore's proposed joinder of Major Moore.  Further, pursuant to Federal Rule of Civil Procedure 19(a)(1)(A), the Court finds that it cannot accord complete relief among the current parties without joinder of Major Moore.  As such, the Court grants Whitmore's motion to the extent that it seeks to join Major Moore as a party defendant.

To summarize, the Court **GRANTS in part and DENIES in part** the instant motion (Doc. 156).  Specifically, the Court **DENIES Whitmore's motion insofar as it seeks to vacate any default judgment as to Lieutenant Moore.**  The Court **GRANTS Whitmore's motion insofar as it seeks to terminate Lieutenant Moore as a defendant in this litigation**.  The Court also **GRANTS Whitmore' s motion insofar as it seeks to join Major Moore as a party defendant.**  As a result of the foregoing, the Court **DENIES as moot** Whitmore's Motion for Default Judgment (Doc. 92) against Lieutenant Moore.

This matter shall remain referred to Magistrate Judge Clifford J. Proud, excepting Whitmore's claims against Major Moore.  Major Moore will need to file the necessary consent form if he wishes for Magistrate Judge Proud to preside over trial of the claims against him; otherwise, Magistrate Judge Proud will prepare a post-trial report and recommendation regarding Major Moore's liability, which presumably hinges on the liability of his subordinates, (*see* Doc. 122), and final judgment.

**IT IS SO ORDERED.**
**DATED: July 27, 2010**

                                                   s/ J. Phil Gilbert
                                                   **J. PHIL GILBERT**
                                                   **DISTRICT JUDGE**