IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| TROY WHITMORE a/k/a DON GREGERSON, #N-71463, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 04-837-JPG ) |
| DONALD SNYDER, et al., | ) ) |
| Defendants. | ) |

**DEFENDANT MOORE'S ANSWER AND AFFIRMATIVE DEFENSES**

NOW COMES the defendant, Richard D. Moore, by and through his attorney, Lisa Madigan, Attorney General for the State of Illinois, and hereby answers plaintiff's amended complaint as follows:

**STATEMENT OF CLAIM**

59. During the early morning hours of May 16, 2003 there was an Institutional shake down done in the North 2 Segregation ("Seg") unit on 2 gallery.

ANSWER: Defendant admits that there was a shakedown on May 16, 2003.

60. At the time plaintiff was assigned to cell 2-22 with inmate James Ward.

ANSWER: Defendants admit that plaintiff was celled with James Ward.

61. North 2 Seg was being shook down (searched) by several correctional officer's, Sgt's and Lt's along with the tactical unit.

ANSWER: Defendant admits this allegation.

62. Plaintiff and inmate Ward were directed by a C/O in tactical gear without a name tag to individually strip and be searched which plaintiff and inmate Ward complied with.

ANSWER: Defendant admits that correctional officers do not have names on tactical gear. Defendant lacks sufficient knowledge to admit or deny the remaining allegations in this paragraph.

63. On information and belief C/O's on the tactical unit don't wear their badges or name tags to avoid being identified.

ANSWER: Defendant admits that correctional officers do not have names on tactical gear.

64. Plaintiff and inmate Ward were then ordered to cuff up and exit the cell and stand facing the wall in front of the cell and be silent.

ANSWER: Defendant admits this allegation.

65. Plaintiff spoke to inmate Ward and as a result defendant C/O Torville poked him hard in the back and told him to "shut the Fuck up."

ANSWER: Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph.

66. Plaintiff then to [sic] defendant Torville not to poke him and to write him a disciplinary ticket if he had done something to violate a rule.

ANSWER: Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph.

67. Moments later the plaintiff was violently grabbed underneath the arms by a C/O on each side wearing tactical gear without name tags or badges, pulled forcefully off of the wall and dragged to a corner where he was forced to his knees and his face forced into the corners of the wall.

ANSWER: Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph.

68. On information and belief there was no legitimate penological purpose for the use of force on the plaintiff and that the force used was maliciously inflicted as punishment for plaintiff talking.

ANSWER: Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph.

69. While being held in the corner with his face force fully pressed into the corner of the wall, a C/O in tactical gear was pulling the plaintiff's arms in the air by the handcuffs caus- [sic] his face to grind against the wall and intense pain in both of his shoulders, as punishment for talking to inmate Ward.

ANSWER: Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph.

      70.    On information and belief C/O's in tactical gear used the wanton infliction of pain on the plaintiff maliciously as corporal punishment for talking.

      ANSWER: Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph.

      71.    Plaintiff then stated in a loud and clear voice "I am being punished for talking, this is corporal punishment which is prohibited by D.R. 504, I am not resisting, does everyone see that I am not resisting?"

      ANSWER: Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph.

      72.    On information and belief defendant Lt. Westerman told a C/O in tactical uniform to take the plaintiff out of the sigh [sic] of inmates.

      ANSWER: Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph.

      73.    Plaintiff was then violently yanked to his feet and half dragged and half carried to cell 2-34 which is a shower cell on 2 gallery.

      ANSWER: Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph.

      74.    Plaintiff was taken into the shower and once again forced to his knees with his face pressed forcefully into the corner.  Then once again the handcuffs were violently yanked into the air causing the plaintiff pain, fear and humiliation as punishment for talking.

      ANSWER: Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph.

      75.    Plaintiff yelled out an [sic] told the C/O's in tactical gear to stop as he tried to get up.  When Plaintiff tried to rise on information and belief two different C/O's in tactical gear stood on one of his ankles to prevent him from rising as punishment for talking.

      ANSWER: Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph.

      76.    Plaintiff continued to cry out in pain and suddenly on information and belief two different C/O in tactical unit gear that had no name tags or badges on started digging their thumbs into the hallow between the plaintiff's jaw bone and ear on each side of his head, causing more pain to the plaintiff and increased fear as punishment for talking.

      ANSWER: Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph.

77. On information and belief these C/O's in tactical gear wearing helmets to partially conceal and obscure their faces and orange jumpsuits with black vests over them with black gloves on their hands were torturing plaintiff while saying things like "you're not so tough now are you killer?" "You don't run anything around here you're an inmate!" While plaintiff was being tortured by six of these C/O's he could hear others in the background laughing.

ANSWER: Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph.

78. Plaintiff began yelling to other inmates within hearing of his voice and describing exactly what the tact team was doing to him in the shower to torture him. Inmates then began yelling for them to stop punishing the plaintiff.

ANSWER: Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph.

79. Plaintiff's hands had gone numb and his shoulders felt as if they were on fire and his ankles felt as if the bones were being grounded against the concrete. In fear Plaintiff began to call out his name and number to the inmates that could hear him in hopes that the C/O's would stop torturing him with corporal punishment for talking.

ANSWER: Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph.

80. Plaintiff began asking the C/O's for their names and telling them that they were violating his rights. The plaintiff received no response from any of the C/O's in tactical gear.

ANSWER: Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph.

81. On information and belief the force that was used on plaintiff was a wanton infliction of pain maliciously intended to punish the plaintiff for talking.

ANSWER: Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph.

82. On information and belief the force that was used on plaintiff was not a good faith effort to maintain or restore discipline and it had no legitimate penological purpose. It was sadistically used as corporal punishment on the plaintiff for disobeying a direct order.

ANSWER: Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph.

83. Moment's later plaintiff heard defendant Lt. Moore say "They are ready for him now."

ANSWER: Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph.

84. Plaintiff was then forcefully jerked to his feet and hustled out of the shower. When plaintiff tried to stand he realized that he could not stand on his left ankle. Plaintiff was half dragged and half carried out.

ANSWER: Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph.

85. As the plaintiff was brought out of the cell defendant Lt. Moore looked him directly in the eye and did nothing about the corporal punishment that he observed C/O's in tactical unit gear inflict on the plaintiff.

ANSWER: Defendant denies observing any improper use of force against plaintiff.

## RELIEF REQUESTED

1. Defendant denies that any of plaintiff's constitutional rights were violated.

2. Defendant denies that plaintiff is entitled to actual damages.

3. Defendant denies that plaintiff is entitled to punitive damages.

4. Defendant denies that plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

Further answering and by way of affirmative defense, defendant states as follows:

1. At all times relevant to plaintiff's claims, defendant acted in good faith in the performance of his official duties and without violating the plaintiff's clearly established constitutional rights. Defendant is protected from liability by the doctrine of qualified immunity.

2. To the extent that plaintiff has sued the defendant in his official capacity, plaintiff's suit is barred by the Eleventh Amendment.

3.The plaintiff has failed to exhaust his administrative remedies as is required prior to filing suit under 42 U.S.C. §1983 by the Prison Litigation Reform Act (42 U.S.C. 1997) and <u>Perez v. Wisconsin Dept. of Corrections</u>, 182 F.3d 532 (7th Cir. 1999).

Respectfully submitted,

Richard D. Moore,

Defendant,

LISA MADIGAN, Attorney General,
State of Illinois,

Christopher L. Higgerson, #6256085Attorney for Defendant,
Assistant Attorney General
500 South Second StreetBy: s/Christopher L. Higgerson
Springfield, IL 62706Christopher L. Higgerson
(217) 557-0261Assistant Attorney General
Of Counsel.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| TROY WHITMORE a/k/a DON GREGERSON, #N-71463, )<br><br>Plaintiff, )<br><br>v. )<br><br>DONALD SNYDER, et al., )<br><br>Defendants. ) | No. 04-837-JPG |

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2010, I electronically filed Defendant Moore's Answer and Affirmative Defenses with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

and I hereby certify that on November 18, 2010, I mailed by United States Postal Service, the document to the following non-registered participant:

Troy D. Whitmore, #N-71463
a/k/a Don Gregerson
Pinckneyville Correctional Center
5835 State Route 154
Pinckneyville, IL 62274-3410

Respectfully submitted,

By:  s/Christopher L. Higgerson
Christopher L. Higgerson
Assistant Attorney General
500 South Second Street
Springfield, IL  62706
Telephone:  (217) 557-0261
Facsimile:  (217) 524-5091
chiggerson@atg.state.il.us
#6256085