IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TROY D. WHITMORE a/k/a ) | |
| DON GREGERSON, #N-71463, ) | |
| ) | Case No. 3:04-cv-837-JPG-PMF |
| Plaintiff, ) | |
| ) | CJRA TRACK: |
| v. ) | PRESUMPTIVE TRIAL MONTH: |
| ) | JUDGE: |
| DONALD SNYDER, et al., ) | |
| ) | |
| Defendants. ) | |

**FINAL PRETRIAL ORDER**

This matter is before the Court at a Final Pretrial Conference held pursuant to Rule 16 of the Federal Rules of Civil Procedure:

**PLAINTIFF'S COUNSEL:**

    R. Bradley Ziegler
       (bziegler@lewisrice.com)
       (314) 444 7792
       (314) 612 7792 (fax)
    David A. Weder
       (dweder@lewisrice.com)
       (314) 444 1364
       (314) 612 1364 (fax)
    LEWIS, RICE & FINGERSH, L.C.
    600 Washington Avenue, Suite 2500
    St. Louis, Missouri 63101

**DEFENDANTS' COUNSEL:**

    Chris Higgerson
    Assistant Attorney General
    500 South Second Street
    Springfield, Illinois 62706
    (217) 557-0261

    For Defendants Carter, Fritz, Greenley, Helmer, Henry, Mezo, Miner, Presswood, Rees, Robinson, Whitthoft and Moore.

1798654.8

I.    **NATURE OF THE CASE**

This is an action brought pursuant to 42 U.S.C. § 1983 for alleged violations of Plaintiff's rights under the First, Eighth, and Fourteenth Amendments of the United States Constitution. Plaintiff claims that the defendants, who at all relevant times were employees of the Illinois Department of Corrections at Menard Correctional Center, used unconstitutional force against him, confined him to inhumane conditions in violation of his Eighth Amendment rights, and retaliated against him for exercising his First Amended right to free speech. Specifically, plaintiff alleges that **(1)** on November 22, 2002, defendant Mezo used unconstitutional force by forcefully pulling on plaintiff's restraints causing him to suffer severe pain, physical injury, fear, humiliation, and other injuries (*Count 2*); **(2)** on May 16, 2003, during an institution-wide shakedown, defendant Moore, aware that other correctional staff members were beating plaintiff, failed to intervene and stop the beating, thereby causing plaintiff to suffer severe pain, physical injury, fear, humiliation, and other injuries (*Count 3*); **(3)** on May 16, 2003, defendant Fritz violated plaintiff's Eighth Amendment rights by preventing others from seeing correctional officer Casten's allegedly unconstitutional use of force when correctional officer Casten repeatedly kicked a food slot door closed on plaintiff's arm (*Count 5*); **(4)** on October 27, 2004, defendants Carter, Helmer, and Miner confined plaintiff to inhumane conditions by placing him in a "stripped cell" for 6 days without running water, a flushing toilet, bedding, adequate clothing, or toiletries, and not allowing plaintiff to wash off severely painful and irritating mace residue that remained on his skin after having been sprayed with the chemical agent shortly before he was placed in the stripped cell (*Count 10*); **(5)** on April 8, 2005, defendant Robinson used unconstitutional force by yanking plaintiff's arm through his cell's food slot door and then handcuffing his arm to the outside of the cell door in a painful position for over two hours (*Count 14*); and **(6)** on April 8, 2005, defendants Carter, Fritz, Greenley, Henry, Presswood, Rees, and

Whitthoft used unconstitutional force after taking plaintiff to a holding cell where they forcibly strip searched, physically assaulted, and humiliated him (*Count 15*). Finally, plaintiff further alleges that his First Amendment rights were violated by defendants Presswood, Rees, and Whitthoft when they placed plaintiff in a stripped out control cell for twenty hours, naked, with water pooling on the floor and bunks, in retaliation for plaintiff filing a lawsuit against another correctional officer (*Count 16*).

II. **JURISDICTION**

    A. This is an action for compensatory and punitive damages.

    B. The jurisdiction of the Court is not disputed and is proper in this Court based upon 42 U.S.C. § 1983 and the First, Eighth, and Fourteenth Amendments of the Constitution of the United States.

III. **UNCONTROVERTED FACTS**

The following facts are not disputed or have been agreed to or stipulated to by the parties:

    A. Plaintiff was incarcerated at Menard Correctional Center at all times relevant to his Complaint.

    B. Defendants were at all times relevant to the Complaint, employees at Menard Correctional Center, operated by the Illinois Department of Corrections.

IV. **AGREED TO ISSUES OF LAW**

    A. <u>Legal issues on which there is no dispute:</u>

        1. Defendants were acting under color of law at all times relevant to the Complaint.

        2. Plaintiff did not fail to exhaust his administrative remedies prior to filing suit.

    B. <u>Legal issues on which there is dispute:</u>

        1. Whether defendants violated plaintiff's First, Eighth, or Fourteenth Amendment rights.

        2. Whether defendants are entitled to qualified immunity.

      3.      Whether the plaintiff is barred from collecting compensatory damages for any of his claims pursuant to 42 U.S.C. 1997e(e).

      4.      Whether the plaintiff is entitled to punitive damages.

## V. WITNESSES

A. Plaintiff intends to call the following witnesses to testify live and/or via the indicated affidavits or statements:

1. <u>Expert witnesses:</u>

   None.

2. <u>Non-expert witnesses:</u>

   a. Plaintiff Troy D. Whitmore
   b. Steven Britton, R07392, Pinckneyville Correctional Center, by statement dated 4/18/05
   c. Brandon Reynolds, R09255, Lawrence Correctional Center, by statement dated 4/18/05
   d. Derek Moran, former inmate of IDOC, by statement dated 4/18/05
   e. Jason Johnson, B56633, Hill Correctional Center, by statement dated 4/18/05
   f. L.C. McDowell, former inmate of IDOC, by statement dated 4/18/05
   g. Powell McGhee, former inmate of IDOC, by affidavit dated 2/9/05
   h. Reginald Daniels, former inmate of IDOC, by affidavit dated 2/9/05
   i. Shermaine Wright, former inmate of IDOC, by statement dated 4/18/05
   j. Curtis Lewis, former inmate of IDOC, by statement dated 4/18/05
   k. Angelo Deberry, former inmate of IDOC, by statement dated 4/13/05
   l. Corey Knox, B62426, Pontiac Correctional Center, by statement dated 4/13/05
   m. Johnny Geans, former inmate of IDOC, by statement dated 4/13/05
   n. Charles Kimble, former inmate of IDOC, by statement dated 4/18/05
   o. Angel Arnelas, former inmate of IDOC, by affidavit dated 5/21/03
   p. James Ward, former inmate of IDOC, by two affidavits dated 5/21/03
   q. Plaintiff further cross-designates all witness designated or to be designated by defendants.

    B.    Defendants intend to call the following witnesses:

        1.    <u>Expert witnesses</u>:

        None.

        2.    <u>Non-expert witnesses</u>:

        a.    Plaintiff Troy D. Whitmore
        b.    John Carter
        c.    Joshua Fritz
        d.    Ricky Greenley
        e.    Dan Helmer
        f.    Sean Henry
        g.    Thomas Mezo
        h.    Kenneth Miner
        i.    Eric Presswood
        j.    William Rees
        k.    Aaron Robinson
        l.    Jerry Whitthoft
        m.    Kimberly Gammon, CSR
        n.    Dr. Majed Fahim, former Medical Director Menard Correctional Center
        o.    Angela Bruns, Medical Records Supervisor, Pinckneyville Correctional Center
        p.    Dr. Jill Wahl, formerly of Pinckneyville Correctional Center
        q.    Nikki Malley, Health Care Unit Administrator

    C.    <u>Rebuttal Witnesses</u>. Each of the parties may call such rebuttal witnesses as may be necessary, without prior notice thereof to the other parties.

## VI. EXHIBITS

See attached Pretrial Exhibit Stipulation.

## VII. DAMAGES

Plaintiff seeks compensatory and punitive damages. Plaintiff's personal injuries and mental and emotional harm constitute the damages in this case. The ultimate value of said damages is left to the discretion of the jury. Plaintiff is seeking a total of $225,000 in compensatory damages (including, without limitation, physical injury, pain and suffering, mental

5

and emotional harm, humiliation, and other injuries) and $725,000 in punitive damages, as follows:

- A. <u>Count 2 (excessive use of force):</u>
    1. Compensatory Damages:   $30,000
    2. Punitive Damages:          90,000

- B. <u>Count 3 (excessive use of force):</u>
    1. Compensatory Damages:   $50,000
    2. Punitive Damages:         150,000

- C. <u>Count 5 (excessive use of force):</u>
    1. Compensatory Damages:   $10,000
    2. Punitive Damages:          30,000

- D. <u>Count 10 (inhumane conditions):</u>
    1. Compensatory Damages:   $50,000
    2. Punitive Damages:         150,000

- E. <u>Count 14 (excessive use of force):</u>
    1. Compensatory Damages:   $15,000
    2. Punitive Damages:          45,000

- F. <u>Count 15 (excessive use of force):</u>
    1. Compensatory Damages:   $50,000
    2. Punitive Damages:         200,000

- G. <u>Count 16 (First Amendment retaliation):</u>
    1. Compensatory Damages:   $20,000
    2. Punitive Damages:          60,000

**VIII.   BIFURCATED TRIAL**

The parties agree that the issues of liability and damages should not be bifurcated for trial.

**IX.   TRIAL BRIEFS**

Trial Briefs will not be submitted.

**X.   LIMITATIONS, RESERVATIONS, AND OTHER MATTERS**

    A.    **Trial Date.**  Trial of this cause shall be set by the Presiding Judge.

    B.    **Length of Trial.**  The probable length of trial is **four days**.  The case will be listed on the trial calendar to be tried when reached.

        **Mark Appropriate Box:**     JURY..................... __X__

                                         NON-JURY.......... _____

    C.    **Number of Jurors.**  There shall be a minimum of six jurors.

    D.    **Jury Voir Dire.**  The Court will conduct voir dire.  Limited participation by counsel may be permitted.  If voir dire questions are to be tendered, they should be submitted <u>prior to the Final Pretrial Conference</u>.

    E.    **Jury Instructions.**  All jury instructions shall be submitted as directed by the presiding judge and a copy delivered to opposing counsel.

**IT IS ORDERED** that the Final Pretrial Order may be modified at the trial of the action or before to prevent manifest injustice or for good cause shown.  Such modification may be made either on application of counsel for the parties or on motion of the Court.

This case is **CERTIFIED** as ready for trial.

**SO ORDERED.**

**DATED: <u>January 10, 2012.</u>**

                                                       */s/ Philip M. Frazier*
                                                       PHILIP M. FRAZIER
                                                       UNITED STATES MAGISTRATE JUDGE

**Approved as to form and substance:**

| | |
|---|---|
| **LEWIS, RICE & FINGERSH, L.C.** | **LISA MADIGAN, Attorney General,**<br>  **State of Illinois** |
| By:  /s/ R. Bradley Ziegler<br>    R. Bradley Ziegler, #6288736<br>     (314) 444 7792 (Telephone)<br>     (314) 612 7792 (Facsimile)<br>    David A. Weder, #6298764<br>     (314) 444 1364 (Telephone)<br>     (314) 612 1364 (Facsimile)<br>    600 Washington Avenue, Suite 2500<br>    St. Louis, Missouri 63101 | By:   /s/ Christopher L. Higgerson<br>     Christopher L. Higgerson, #6256085<br>     500 South Second Street<br>     Springfield, IL 62706<br>     (217) 557.0261  (Telephone) |
| *Counsel for Plaintiff* | *Counsel for Defendants* |